Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LEILANI CRUZ NARVÁEZ<br><br>*Recurrida*<br><br>v.<br><br>JOSÉ ESTEBAN ALICEA FERNÁNDEZ<br><br>*Peticionario* | TA2025CE00939 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023RF00754<br><br>Sobre: Divorcio-Ruptura Irreparable |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a <u>26</u> de enero de 2026.

Comparece ante nos, el señor José Esteban Alicea Fernández (señor Alicea Fernández o peticionario) mediante recurso de *certiorari* y solicita que revoquemos la *Resolución Interlocutoria Sobre Solicitud de Reconsideración*[1] emitida y notificada el 20 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Reconsideración*[2] presentada por el peticionario.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

**I.**

El caso de autos tuvo su origen el 17 de octubre de 2023 cuando la señora Leilani Cruz Narváez (señora Cruz Narváez o recurrida) instó una *Demanda*[3] de divorcio por ruptura irreparable en contra del señor Alicea Fernández.

---

[1] Apéndice 387 del recurso de *Certiorari*.
[2] Apéndice 368 del recurso de *Certiorari*.
[3] Apéndice 1 del recurso de *Certiorari*.

Tras varios incidentes procesales, el 15 de abril de 2024[4], el TPI emitió una *Sentencia*[5] en la cual declaró *Ha Lugar* la *Demanda* presentada por la recurrida. Surge de la *Minuta*[6] de la Vista Evidenciaria celebrada el 15 de abril de 2024, que la Juez Luz Idalia Cruz Rodríguez hizo constar que solo atendería el asunto del divorcio y que las demás controversias se atenderían cuando se cumpliera con el informe de conferencia.

El 18 de noviembre de 2024, se celebró una vista de seguimiento, en la cual la recurrida indicó que aún quedaba pendiente la solicitud de pensión *pendente lite*[7]. Sin embargo, el peticionario alegó que la misma se acabó con el divorcio, por lo cual, el foro recurrido señaló la Conferencia con Antelación al Juicio para el 10 de marzo de 2025 y el Juicio en su Fondo para el 21 de marzo de 2025[8].

El 28 de agosto de 2025, el señor Alicea Fernández presentó una *Moción de Desestimación de la Solicitud de Alimentos Pendente Lite*[9] en la que alegó que el TPI no tenía jurisdicción para atender la petición de alimentos *pendente lite*. Esto, debido a que la *Sentencia* de divorcio advino final y firme, y el foro recurrido no dispuso medidas provisionales al respecto durante el pleito de divorcio ni se reservó jurisdicción para atender dicha petición[10]. Tras la recurrida oponerse a la desestimación, el 6 de octubre de 2025, el TPI emitió y notificó una *Resolución Interlocutoria Sobre Alimentos Entre Parientes*[11] en la cual dispuso lo siguiente:

> El Tribunal en diversas instancias ha pautado los procedimientos para atender lo relativo a los alimentos peticionados por la Sra. Cruz, pues corresponde atender en una vista plenaria si procede o no conceder la solicitud y de

---

[4] Notificada el 30 de abril de 2024.
[5] Apéndice 125 del recurso de *Certiorari*.
[6] Apéndice 130 del recurso de *Certiorari*, pág. 2.
[7] Véase, *Minuta*, Apéndice 183 del recurso de *Certiorari*.
[8] *Íd*, pág. 3.
[9] Apéndice 312 del recurso de *Certiorari*.
[10] *Íd.*
[11] Apéndice 357 del recurso de *Certiorari*.

proceder la misma, desde cuándo comienza el derecho y hasta cuándo corresponde su extensión[12].

Por su parte, el 21 de octubre de 2025, el peticionario presentó *Reconsideración*[13] por entender que el foro recurrido no atendió expresamente la controversia jurisdiccional antes planteada. Así pues, el 20 de noviembre de 2025, el TPI emitió y notificó *Resolución Interlocutoria Sobre Solicitud de Reconsideración*. En ésta, el foro recurrido declaró *No Ha Lugar* la *Reconsideración* presentada por el señor Alicea Fernández.

Inconforme con el dictamen, el 22 de diciembre de 2025, el peticionario acudió ante este foro intermedio y le imputó al TPI los siguientes señalamientos de error:

> PRIMER ERROR: Erró el Honorable Tribunal de Primera Instancia al omitir resolver de manera expresa la controversia jurisdiccional referida en la Moción de Desestimación que presentó la parte demandada —aquí peticionaria— el 28 de agosto de 2025, mediante la cual dicha parte solicitó la desestimación de la petición de alimentos pendente lite incidental al pleito de divorcio entre las partes, cuya sentencia advino final y firme, y sin que en tal sentencia se incluyera determinación alguna sobre alimentos pendente lite, sin haber el foro recurrido adoptado medida provisional sobre alimentos pendente lite previo a dictar dicha sentencia, ni habiendo el foro recurrido expresamente reservado su jurisdicción para atender la petición de alimentos pendente lite post sentencia.

> SEGUNDO ERROR: Erró el Honorable Tribunal de Primera Instancia al no desestimar la reclamación de alimentos pendente lite incidental al pleito de divorcio entre las partes, a pesar de tal petición ser académica y el foro recurrido no tener jurisdicción sobre dicha materia.

Así las cosas, la señora Cruz Narváez presentó una *Solicitud de Desestimación por Falta de Jurisdicción y Oposición a Expedición de Certiorari*[14]. Allí, alegó que el recurso fue presentado de forma tardía y que, en la alternativa, el TPI no erró en la determinación recurrida. Toda vez que, el foro recurrido expuso de forma clara que atendería las controversias relacionadas con la pensión *pendente lite*

---

[12] *Íd.*

[13] Apéndice 368 del recurso de *Certiorari*.

[14] La aludida moción fue presentada inicialmente el 7 de enero de 2026, no obstante, la Secretaría del Tribunal de Apelaciones notificó una deficiencia y la misma fue corregida el 8 de enero de 2026.

y pensión excónyuge en el juicio señalado para el 29 de enero de 2026.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[15] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[16]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[17]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[18].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[19]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra,* faculta nuestra intervención en

---

[15] 32 LPRA Ap. V, R. 52.1.
[16] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).
[17] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[18] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[19] *García v. Padró,* 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).

situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[20].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido.

---

[20] 32 LPRA Ap. V, R. 52.1.

Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

### III.

En esencia, el señor Alicea Fernández nos solicitó que revoquemos la *Resolución Interlocutoria Sobre Solicitud de Reconsideración*, pues adujo que el TPI incidió al no desestimar la petición de alimentos *pendente lite* presentada tras dictarse la *Sentencia* de divorcio, ya que la reclamación era académica y el foro carecía de jurisdicción.

Por su parte, la recurrida arguyó que el TPI retuvo su jurisdicción, pues expuso de forma clara que atendería las demás controversias cuando se presentara el informe de conferencia[21].

Según reseñamos, todo recurso de *certiorari* presentado ante este foro deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente, pues la *Resolución Interlocutoria* en controversia no está contemplada bajo la precitada regla. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público[22].

Asimismo, al haber considerado los hechos del caso de marras, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

---

[21] Véase, Apéndice 130 del recurso de *Certiorari*, pág. 2.
[22] **Destacamos que, el 29 de enero de 2026 el TPI atenderá la vista en su fondo sobre la controversia alegada en el recurso de *Certiorari*.**

En fin, el recurso no es revisable, por lo cual, procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari* de epígrafe. Se devuelve el caso al foro de instancia para la continuación de los procedimientos[23].

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato. La Regla 35 (A)(1) dispone: "La presentación de una solicitud de *certiorari* **no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones**. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario".